UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-62084-STRAUSS

**CHRISTINA A. RUSSO,**

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER came before the Court upon Plaintiff's Motion for Summary Judgment/Initial Brief ("Plaintiff's Motion") [DE 8] and Defendant's Cross-Motion for Summary Judgment/Answer Brief ("Defendant's Motion") [DE 14]. I have reviewed both motions and all other pertinent portions of the record. For the reasons discussed herein, Plaintiff's Motion [DE 8] will be **GRANTED** and Defendant's Motion [DE 14] will be **DENIED**.

The ALJ erred by failing to identify and resolve an apparent conflict between the VE's testimony and the DOT.[1] Under SSR 00-4P, which the SSA is bound to follow, ALJs have "an affirmative duty to identify apparent conflicts and resolve them." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021) (citing *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018)). "This duty is 'not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT.'" *Id.* (quoting *Washington*, 906 F.3d at 1362). To fulfill his or

---

[1] Plaintiff argues that the ALJ also erred in two other ways. Because I find that the ALJ's failure to identify and resolve an apparent conflict warrants remand, I do not reach Plaintiff's other contentions of error.

her duty, the ALJ must: "(1) identify any 'apparent' conflicts, regardless of whether that conflict is brought to the ALJ's attention by the parties or the VE; (2) explain any discrepancy between the VE's testimony and the DOT; and (3) detail in the decision how that discrepancy was resolved." *Id.* (citing *Washington*, 906 F.3d at 1362). An "apparent conflict" is "more than just a conflict that is made apparent by the express testimony of the VE." *Washington*, 906 F.3d at 1365. "It is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* In other words, "apparent" means "seeming real or true, but not necessarily so." *Id.* at 1366 (quoting *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)).

Here, the ALJ found that Plaintiff's RFC limits Plaintiff to – among other things – understanding, remembering, and carrying out "short and simple instructions." Tr. 14. Then, based on the VE's testimony, the ALJ found that – considering Plaintiff's age, education, work experience, and RFC – Plaintiff is able to perform the jobs of hand packager, laundry worker, and cleaner II. Tr. 22-23; *see also* Tr. 89-90. As both parties recognize, all three jobs have a GED reasoning level of two. "A position with a reasoning level of two requires the ability to apply commonsense understanding to carry out *detailed but uninvolved* written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations." *Buckwalter*, 5 F.4th at 1322 (emphasis added) (internal quotation marks and citation omitted) (alterations adopted). "By contrast, reasoning level one requires the ability to apply commonsense understanding to carry out simple *one- or two-step instructions* and deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* (emphasis added) (internal quotation marks and citation omitted) (alterations adopted).

An apparent conflict exists between the limitation to *short* instructions and the demands of level two reasoning. "The primary difference between [reasoning] levels one and two is the *length* of the instructions—not the complexity." *Id.* at 1323 (emphasis in original). Level one is "limited to one- or two-step instructions," but level two is *not* "limited in length." *Id.* The second part of that bears repeating. In *Buckwalter*, the Eleventh Circuit recognized that reasoning level two is *not limited in length*.

Moreover, in *Buckwalter*, the Eleventh Circuit noted how the Fourth and Eighth Circuits have similarly found that "detailed" – as used for reasoning level two – indicates length (rather than complexity). *Id.* (citing *Lawrence v. Saul*, 941 F.3d 140, 143-44 (4th Cir. 2019); *Moore v. Astrue*, 623 F.3d 599, 605 (8th Cir. 2010)). And as the Fourth Circuit explained in *Lawrence*, "'[s]hort' is inconsistent with 'detailed' because detail and length are highly correlated. Generally, the longer the instructions, the more detail they can include." *Lawrence*, 941 F.3d at 143. Thus, an apparent conflict exists "between a limitation to '*short*, simple instructions' (as found in [Plaintiff's] RFC) and a need to carry out 'detailed but uninvolved . . . instructions' (as found in jobs requiring Level 2 reasoning)." *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019); *see also Albra v. Acting Comm'r of Soc. Sec.*, 825 F. App'x 704, 708 (11th Cir. 2020) (indicating that an apparent conflict exists between a limitation to "short, simple instructions" and jobs with a reasoning level of two). While the Fourth Circuit's decisions in *Lawrence* and *Thomas* are not binding on this Court, they are persuasive, and they are consistent with the Eleventh Circuit's binding decision in *Buckwalter*. Again, as *Buckwalter* makes clear, reasoning level two instructions do not have a length limitation. *See* 5 F.4th at 1323. Thus, an apparent conflict exists between a limitation to *short* instructions and jobs with a reasoning level of two.

None of this is to say that the ALJ will or will not be able to resolve the apparent conflict that exists here. After all, "the level two reasoning definition represents an *upper* limit on all jobs in the occupational category—it does not set a base-level requirement for every job within the category." *Id.* at 1324 (citing *Moore*, 623 F.3d at 604). In other words, a limitation to short instructions does not translate to an *automatic* inability to perform *any* jobs with a level two reasoning requirement.[2] All I determine here is that an apparent conflict exists and that the ALJ failed to discharge her duty to identify and resolve the apparent conflict.[3] Therefore, the ALJ's decision is not supported by substantial evidence. *See Buckwalter*, 5 F.4th at 1321 ("An ALJ's failure to discharge this duty means a decision is not supported by substantial evidence." (citing *Washington*, 906 F.3d at 1362)).

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiff's Motion [DE 8] is **GRANTED** and Defendant's Motion [DE 14] is **DENIED**. The Court will enter a separate Final Judgment **reversing and remanding** the final decision of the Commissioner.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 27th day of May 2025.

Jared M. Strauss
United States Magistrate Judge

---

[2] *Cf. Thomas*, 916 F.3d at 314 ("We believe that Thomas, being limited to short, simple instructions, may not be able to carry out detailed but uninvolved instructions. This is not a categorical rule—some instructions, particularly if they are well-drafted, may be simultaneously short, simple, detailed, and uninvolved.").

[3] *Cf. Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1317 (11th Cir. 2021) ("This does not mean that there is an actual conflict or that an ALJ is categorically prohibited from including a job with level 3 reasoning in the step five analysis for a claimant with such a limitation. It does mean that the ALJ is required to address the apparent conflict and provide a reasonable explanation for her determination.").